## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LUIS ALFREDO TIGASI-ANTE,**<br><br>**Petitioner,**<br><br>v.<br><br><br>**WARDEN DELANEY HALL**<br>**DETENTION CENTER,** *et al.*,<br><br>**Respondents.** | **Case No. 26–cv–10084–ESK**<br><br><br>**OPINION AND ORDER** |

**THIS MATTER** is before the Court on petitioner Luis Alfredo Tigasi-Ante's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition) (ECF No. 1.)

1.      Petitioner is a citizen of Honduras.   (*Id.* p.5.)

2.      On August 7, 2026, Immigration and Customs Enforcement (ICE) took petitioner into custody and detained petitioner without a bond hearing. (ECF No. 1–1 p.5.)

3.      This Petition followed.   (ECF No. 1.)

4.      Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3).   A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

5.      Respondents filed letter on August 7, 2026 stating that petitioner is being detained pursuant to 8 U.S.C. § 1225(b)(2).   (ECF No. 4.)   They state petitioner was charged with simple assault on September 1, 2025.   (*Id.*)

6.      Petitioner's criminal charges were dismissed for lack of prosecution on February 17, 2026, and the charges were expunged.   (ECF No. 4–2.)

7.      I conclude that petitioner is being unlawfully detained under 8 U.S.C. § 1225 because petitioner was apprehended inside the United States

after residing here for an extended period, and therefore he should have been detained under 8 U.S.C. § 1226(a).[1]  *See Ayala Amaya v. Bondi*, No. 25–cv–16428, 2025 WL 3033880, at *2–3 (D.N.J. Oct. 30, 2025).

Accordingly,

**IT IS** on this   **14th** day of **August 2026**   **ORDERED** that:

1.     Petitioner's § 2241 Petition is **GRANTED**.   Within **24 hours** of this Order's entry, respondents shall **RELEASE** petitioner under the same conditions, if any, that existed prior to his detention, including, but not limited to, release: (1) within the State of New Jersey; (2) without the imposition of additional conditions (such as ankle monitors or electronic tracking devices); and (3) with all clothing and outerwear worn at the time of detention, or other appropriate attire.

2.     Respondents shall return to petitioner all personal property belonging to petitioner—including, but not limited to, any driver's license, passport, immigration documents, currency, or cellphone—that was seized at the time of detention and that is currently in their custody, possession, or control, whether maintained directly by respondents or by any contracted or affiliated facility, and that such property shall be returned in the same condition as it existed immediately prior to petitioner's detention.

3.     Respondents shall file a letter on the docket confirming the date and time of petitioner's release and that the conditions set forth above have been satisfied.

4.     Respondents are **PERMANENTLY ENJOINED** from rearresting or otherwise detaining petitioner under § 1225, which this Court has found inapplicable to him.

5.     Respondents shall not arrest, detain, or otherwise take petitioner into custody under 8 U.S.C. § 1226(a) for a period of **14 days** following his release, so as to ensure full effectuation of this Court's judgment and to prevent circumvention of the relief granted.

---

[1] I note that 8 U.S.C. § 1252(b)(9) does not strip the Court of jurisdiction over petitioner's challenge to his continued detention because the challenge is collateral to "the removal process," and is not "inextricably linked" to any removal action.  *See Khalil v. President, United States*, 164 F.4th 259, 274 (3d Cir. 2026).

6.      Any future detention or re-detention of petitioner must comply with all statutory and constitutional requirements, including the identification of a lawful statutory basis for detention and the provision of adequate procedural and substantive due process.

7.      To the extent that respondents seek to re-arrest or otherwise re-detain petitioner under any statutory authority, including but not limited to §§ 1225 or 1226, this Court shall retain jurisdiction over the matter and petitioner may move to reopen these proceedings before this Court without the need to file a new habeas petition.

8.      The Clerk shall **CLOSE** this case.

_/s/ Edward S. Kiel_

**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

3